# PARK v. BANCROFT.

1. Where a deposition of a witness comes through the mail scaled, directed
to the clerk of the proper court, with the usual post-marks, it may be pub-
lished, although the name of the commissioner is not written across the
seal.

Error to the County Court of Mobile.

At the trial of this cause, the plaintiff, Park, offered to
read the deposition of a witness taken under a commission
directed to James W. Wilson, and two other persons, direct-

ing them¡ or either of them, to examine the witness on interrogatories annexed to the commission. The same to be returned annexed to the commission, sealed up under their, or either of their seals. The envelope containing the deposition was tied with tape, and sealed with three seals of wax impressed with a stamp. On one side it was directed to the clerk of Mobile county court, Mobile, Alabama, and was indorsed with the title of the suit, and having what purported to be the usual post office stamp. On the other side, sealed, tied, and under the middle seal, but not across it, was written the name James W. Wilson, commissioner. No part of the tape was written upon.

The defendant objected to the deposition because the name of the commissioner was not written across the seals. The court sustained the objection, and the plaintiff having excepted, suffered a non-suit.

The exclusion of the deposition is now assigned as error.

Sewall, for the plaintiff in error.

T. A. Hamilton, contra.

GOLDTHWAITE, J.—In Glover v. Millings, 2 S. & P. 28, a deposition was held to be admissible, although received by mail, and without any superscription by the commissioners on the envelope, other than what was to be inferred from the direction to the clerk, and the post-office marks. It is obvious that the writing of a name across a seal, is no guard against imposition, unless we presume that the person who violates the seal, is not bold enough to counterfeit the name which previously was, or might have been there. If the package containing the deposition comes sealed to the custody of the clerk, by the ordinary course of mail, this is all which the common practice requires, and in our judgment is sufficient *prima facie,* to warrant publication.

Non-suit set aside, and cause remanded.